IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITIBANK, N. A., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-2796-N (BF) |
| | § | |
| CALVIN BARCLAY, LYNN CHENIER, | § | |
| TRACY CZARNECKI, and | § | |
| ALL OCCUPANTS, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for Pretrial Management. (Doc. 1.) On October 19, 2011, Tracy Czarnecki ("Czarnecki"), *pro se*, on his behalf and on behalf of all the defendants (collectively, "Defendants") filed a notice of removal from County Court of Law No. 3, Dallas County, TX. (Doc. 2.) On December 1, 2011, Citibank, N. A. ("Plaintiff" or "Citibank"), filed a Motion to Remand. (Doc. 5.) Czarnecki filed an objection to the Motion to Remand. The Court hereby recommends that Plaintiff's Motion to Remand be GRANTED.

**Background**

Czarnecki allegedly removed the case to this Court based on the diversity of citizenship of Plaintiff and Defendants. (Doc. 2, pp. 1-2.) However, a defendant may only remove based on diversity if the defendant is not a resident of the state in which the action was brought. 28 U.S.C. § 1441(b). Because Defendants are citizens of the state in which the action was brought, Plaintiff's Motion to Remand must be granted.

1

**Undisputed Facts**

The following facts are undisputed. The real property at issue in this case is located at 2816 Kerrville Drive, Mesquite, Texas 75181 in Dallas County, Texas ("Property"). (Doc. 2, p. 8.) On August 4, 2009, Plaintiff acquired the property at a Substitute Trustee's Sale. (*Id*.) On July 29, 2011, Plaintiff obtained a "Foreclosure Sale Deed on the Property. (Doc. 2, Ex. A, p. 1.) Defendants failed to vacate the Property despite Plaintiff's timely notice. (Doc. 2, p. 9.) On or about July 29, 2011, Plaintiff filed a forcible detainer action in the Justice of the Peace Court, Precinct Two, Place 2 of Dallas County Texas. (Doc. 2, p. 8.) After Defendants defaulted, judgment was entered in favor of Plaintiff on August 15, 2011. Defendants appealed to the County Court at Law No. 3, Dallas County, Texas. (Doc. 2, Ex. A, p. 3.) On April 21, 2011, before Plaintiff could obtain a final judgment on appeal, Czarnecki, a citizen of the State of Texas filed a Notice of Removal. (Docs. 2, 6.)

**Analysis**

In the Notice of Removal, Defendants claimed that removal was proper under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 2, p. 1.) Diversity jurisdiction requires 1) complete diversity of citizenship; and 2) that the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a). Defendants noted that each of these requirements had been met in this case. (Doc. 2, p. 2.) Nonetheless, Defendants do not have the right to remove this case because § 1441(b) provides:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2

28 U.S.C. § 1441(b). Here, Defendants allege they are citizens of Texas, the state in which the action was brought, and in the objection, Czarnecki, the Defendant who removed this case, admits he is a citizen of Texas. (Doc. 2, p. 2; Doc 6, p. 3.) Accordingly, removal was improper under 28 U.S.C. § 1441(b).

Plaintiff seeks attorney fees and expenses incurred as a result of this removal in the amount of $2,500. The Court finds that Defendants had no legal basis on which to remove this action. Removal was frivolous. Therefore, Plaintiff's attorney fees in the amount of $2,500 should be granted.

### **Recommendation**

The Court finds removal was improper under 28 U.S.C. § 1441(b). Therefore, the Court hereby recommends that the Motion to Remand be GRANTED and that the case be remanded to County Civil Court at Law Number 3, Dallas County, Texas. The Court further recommends that Plaintiff be granted a judgment in the amount of $2,500 for attorney fees and costs.

SO RECOMMENDED, December 28, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See* Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See* Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).